**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SHENZHEN CHENGHANG ELECTRONIC TECHNOLOGY CO., LTD. d/b/a EVERPLUS LLC, and SHENZHEN CUIWEI FENFANG TRADING CO., LTD. d/b/a FENFANG SHOP,** | § § § § § § § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:26-cv-4647 |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **NOTROX LLC and FLIPLOK, LLC,** | § § | |
| Defendants. | § | |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
NONINFRINGEMENT AND INVALIDITY OF U.S. PATENT NO.
11,447,993**

Plaintiffs Shenzhen Chenghang Electronic Technology Co., Ltd. d/b/a EVERPLUS LLC ("Chenghang") and Shenzhen Cuiwei Fenfang Trading Co., Ltd. d/b/a FENFANG SHOP ("Cuiwei") (collectively, "Plaintiffs"), by and through their undersigned counsel, file this Complaint for Declaratory Judgment against Defendants NOTROX LLC ("Notrox") and FlipLok, LLC ("FlipLok") and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

1

2. Plaintiffs seek a declaration that they have not infringed and do not infringe any valid and enforceable claim of U.S. Patent No. 11,447,993 B1, titled "Door Security Device" (the "'993 Patent"), directly or indirectly, literally or under the doctrine of equivalents. A true and correct copy of the '993 Patent is attached as Exhibit A.

3. Plaintiffs further seek a declaration that the claims of the '993 Patent are invalid for failure to satisfy one or more conditions for patentability, including at least 35 U.S.C. §§ 102, 103, or 112.

4. An actual, immediate, and justiciable controversy exists between Plaintiffs and Defendants. By an enforcement email, a true and correct copy of which is attached as Exhibit B, Defendants, directly or through their brand protection agent, accused Plaintiffs' Amazon product listings, including ASIN B07HC3M9HH, of infringing the '993 Patent, demanded that the listings and all related sales activity cease, and required written confirmation within 48 hours. Plaintiffs deny infringement and bring this action to resolve that controversy and to remove the cloud that Defendants' accusations have placed over Plaintiffs' established product and ongoing sales.

## THE PARTIES

5. Plaintiff Shenzhen Chenghang Electronic Technology Co., Ltd. is a Chinese limited company that operates the Amazon storefront named "EVERPLUS LLC" (Seller ID AKHN52R3KDPS5). Plaintiff Shenzhen Cuiwei Fenfang Trading Co., Ltd. is a Chinese limited company that operates the Amazon storefront named

2

"FENFANG SHOP" (Seller ID AXX9XM7TL5Z4Z). Both Plaintiffs offer for sale the same accused product, under ASIN B07HC3M9HH and the EverPlus brand, through their respective Amazon storefronts.

6. According to Texas Comptroller of Public Accounts records reflecting Texas Secretary of State registration information, Defendant Notrox LLC is a Texas limited liability company (Texas SOS File No. 0803619668) with an effective registration date of May 14, 2020, in active status, and with a registered office and mailing address at 3250 Bingle Rd., Houston, Texas 77055; those records also identify John Reger as a manager of Notrox. A true and correct copy of Notrox's Texas Comptroller Franchise Tax Account Status is attached as Exhibit C. The face of the '993 Patent identifies Notrox LLC of Houston, Texas as the applicant and names John Reger as the inventor, and Defendants' enforcement email states that the '993 Patent is owned by Notrox LLC.

7. According to Texas Comptroller of Public Accounts records reflecting Texas Secretary of State registration information, Defendant FlipLok, LLC is a Texas limited liability company (Texas SOS File No. 0804236177) with an effective registration date of September 16, 2021, in active status, with a mailing address at 3250 Bingle Rd., Houston, Texas 77055, and with a registered agent, Tim Lankau, at a registered office located at 415 Pecore, Houston, Texas 77009; those records identify Anna Reger as a manager of FlipLok. A true and correct copy of FlipLok's Texas Comptroller Franchise Tax Account Status is attached as Exhibit D. A document titled "General Power of Authority," provided with or in connection with

the enforcement communication, identifies FlipLok, LLC and its official website, www.fliplok.com; a true and correct copy of that document is attached as Exhibit E. The enforcement email was sent under FlipLok and Bustem identifiers and directed Plaintiffs to that website.

8. Plaintiffs do not presently have the full private agreements, if any, among Notrox, FlipLok, and any brand protection agent. Notrox and FlipLok share the same Houston mailing address at 3250 Bingle Rd. According to Texas Comptroller records, Notrox is managed by John Reger, the named inventor of the '993 Patent, and FlipLok is managed by Anna Reger. On information and belief, Notrox and FlipLok are affiliated and under common control. Plaintiffs therefore allege, on information and belief, that FlipLok acted in concert with, or with the actual or apparent authority of, Notrox in asserting the '993 Patent against Plaintiffs.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

10. This Court has authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 because there is a substantial controversy between parties having adverse legal interests that is of sufficient immediacy and reality to warrant declaratory relief.

11. This Court has personal jurisdiction over Defendants because, on information and belief, both Notrox and FlipLok are limited liability companies formed under the laws of the State of Texas and maintaining their places of

4

business in Houston, Texas, and are therefore at home in and subject to general personal jurisdiction in Texas. Defendants also asserted, or caused the assertion of, the '993 Patent against Plaintiffs' Amazon listings and commercial activities.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants reside in this District for venue purposes, each Defendant being a limited liability company subject to personal jurisdiction in this District under 28 U.S.C. § 1391(c)(2), and because a substantial part of the events giving rise to this action occurred in or was directed from this District.

13. Assignment to the Houston Division is proper because the available records identify Defendants as located in Houston, Texas.

## FACTUAL BACKGROUND

### *Plaintiffs' Longstanding Product*

14. Plaintiffs sell a home security door lock product on Amazon under ASIN B07HC3M9HH. The Amazon product page is titled, in substance, "Home Security Door Lock, 2 Pack Childproof Door Reinforcement Lock with 3 Inch Stop Withstand 800 lbs for Top Front Inward Swinging Door, Upgrade Flip High Night Lock to Defend Your Home Kids." A true and correct copy of the Amazon product page is attached as Exhibit F.

15. Plaintiffs have sold the accused product under the EverPlus brand for several years. Saved product-page materials available to Plaintiffs, attached as Exhibit F, reflect a launch date on Amazon for ASIN B07HC3M9HH of October 20, 2018.

16. The Amazon product page states that the product "has a spring-loaded design." The page describes the product's operation as placing an index finger on the top of the lock and a thumb on the bottom, sliding the lock away from the base plate in the direction of the hinges, and then pulling outward to open it.

17. Plaintiffs have a continuing commercial interest in selling, offering to sell, marketing, advertising, distributing, and maintaining the Amazon listings for their accused product.

### *The '993 Patent*

18. The '993 Patent is titled "Door Security Device." It issued on September 20, 2022 from U.S. Patent Application No. 17/532,418, filed November 22, 2021.

19. The face of the '993 Patent names John Reger as the inventor and Notrox LLC as the applicant.

20. The '993 Patent generally describes a door security device for a door that opens inward, comprising a mounting plate, a hinge pin assembly, and a locking swing plate.

21. The independent claims of the '993 Patent recite specific mechanical structures and movements, including a locking swing plate that translates along a hinge pin vertical axis between an uppermost and a lowermost vertical position, a locking channel, a declining slide surface, and a locking swing plate that is biased and retained in a lowermost locked position by the force of gravity.

### *Defendants' Enforcement Demand*

22. On or about June 2, 2026, Plaintiffs received an enforcement email sent from fliplok@enforcement.bustem.com, or otherwise sent on behalf of FlipLok or Defendants, bearing the subject line "Removal Request - Infringing Product Listings."

23. The enforcement email identified the '993 Patent by number and title, asserted that the patent is owned by Notrox, stated that the "original patented product" is offered by FlipLok, and identified FlipLok's website.

24. The enforcement email accused Plaintiffs' product listings of infringing the '993 Patent and stated that the accused products "appear to practice one or more elements claimed in U.S. Patent No. 11,447,993 B1."

25. The enforcement email identified multiple Amazon listings as allegedly infringing, including Plaintiffs' listings for ASIN B07HC3M9HH.

26. The enforcement email demanded that Plaintiffs "immediately remove and discontinue" the listings and all advertising, marketing, offering for sale, distribution, and sales activities relating to the accused products.

27. The enforcement email demanded that Plaintiffs confirm within 48 hours that the listings had been removed and that all allegedly infringing activities had ceased.

28. The enforcement email was signed by Tyler Hoover, Head of Brand Protection.

7

29. An actual and immediate controversy therefore exists between the parties. Defendants have accused Plaintiffs' product of infringing the '993 Patent and have demanded that Plaintiffs cease selling it, placing Plaintiffs' Amazon listings, sales, and business reputation at immediate risk of marketplace enforcement and commercial disruption.

### *Plaintiffs Do Not Infringe*

30. Plaintiffs deny that their accused product infringes any valid and enforceable claim of the '993 Patent.

31. Based on Plaintiffs' investigation to date, Plaintiffs' accused product is materially different from the structures recited in the independent claims of the '993 Patent.

32. At least claims 1 and 10 of the '993 Patent require, among other things, a locking swing plate configured to translate along a hinge pin vertical axis between an uppermost vertical position and a lowermost vertical position.

33. Based on Plaintiffs' investigation and knowledge of their own product to date, Plaintiffs' accused product does not include a locking swing plate that translates along a hinge pin vertical axis between an uppermost and a lowermost vertical position, as the claims require.

34. At least claims 1 and 10 of the '993 Patent require, among other things, a locking swing plate that is biased by the force of gravity toward the lowermost position and retained by gravity in the lowermost locked position.

35. Based on Plaintiffs' investigation and knowledge of their own product to date, Plaintiffs' accused product does not include a locking swing plate that is biased and retained in a lowermost locked position by the force of gravity. The saved Amazon product page instead describes a "spring-loaded design."

36. At least claims 1 and 10 of the '993 Patent require, among other things, a specific receiver and locking channel structure, including first receiver ears, first receiver bays, a declining slide surface, and a locking channel with walls that cooperate to retain the locking swing plate in a lowermost locked position.

37. Based on Plaintiffs' investigation and knowledge of their own product to date, Plaintiffs' accused product does not include the claimed first receiver ears, first receiver bays, declining slide surface, locking channel, or any structure that retains a locking swing plate in a lowermost locked position by the force of gravity. Plaintiffs reserve the right to identify additional grounds of noninfringement after claim construction and after Defendants identify the specific claims they contend are infringed.

38. Because Plaintiffs' product lacks at least the foregoing claim limitations, Plaintiffs have not infringed and do not infringe the '993 Patent, directly or indirectly, literally or under the doctrine of equivalents.

### The '993 Patent Is Invalid

39. Plaintiffs deny that any asserted claim of the '993 Patent is valid.

40. Plaintiffs' accused product, offered under ASIN B07HC3M9HH, was offered for sale and available on Amazon at least as early as October 20, 2018, more

9

than three years before the November 22, 2021 filing date of the application that issued as the '993 Patent. See Exhibit F.

41. To the extent Defendants contend that Plaintiffs' accused product practices any claim of the '993 Patent, that product, and materially similar products, were publicly available, in public use, on sale, or otherwise accessible to the public before the effective filing date of the '993 Patent. Defendants therefore cannot maintain both that Plaintiffs' product infringes the '993 Patent and that the asserted claims are valid: any construction of the claims broad enough to read on Plaintiffs' product, which has been on sale since 2018, would render those claims invalid as anticipated by, or obvious in light of, that prior public sale.

42. To the extent the asserted claims are construed broadly enough to read on Plaintiffs' accused product, which Plaintiffs deny, the claims of the '993 Patent are invalid under 35 U.S.C. § 102(a)(1) because the claimed invention was patented, described in a printed publication, in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

43. To the extent the asserted claims are construed broadly enough to read on Plaintiffs' accused product, which Plaintiffs deny, the claims of the '993 Patent are invalid under 35 U.S.C. § 103 because any differences between the claimed subject matter and the prior art would have been obvious to a person of ordinary skill in the art before the effective filing date.

44. To the extent the asserted claims are construed broadly enough to cover Plaintiffs' accused product, which is described as using a "spring-loaded design," the

10

asserted claims are invalid under 35 U.S.C. § 112 because, under that construction, they would fail the written description and enablement requirements of § 112(a) and would be indefinite under § 112(b).

45. Plaintiffs reserve the right to identify additional prior art, additional grounds of invalidity, and additional claim construction positions as discovery proceeds and after Defendants identify the specific claims they contend are infringed.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '993 PATENT

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as though fully set forth herein.

47. Defendants have accused Plaintiffs' accused product and Amazon listings, including ASIN B07HC3M9HH, of infringing the '993 Patent and have demanded that Plaintiffs cease their sales and related commercial activities.

48. Plaintiffs have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '993 Patent.

49. A judicial declaration is necessary and appropriate so that Plaintiffs may continue their lawful business free from Defendants' unsubstantiated infringement accusations and enforcement threats.

50. Plaintiffs are entitled to a declaratory judgment that Plaintiffs' accused product and related Amazon listings do not infringe any valid and enforceable claim of the '993 Patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '993 PATENT

51. Plaintiffs incorporate by reference paragraphs 1 through 50 as though fully set forth herein.

52. Defendants have asserted the '993 Patent against Plaintiffs' accused product and Amazon listings.

53. The claims of the '993 Patent are invalid for failure to comply with one or more conditions for patentability, including 35 U.S.C. §§ 102, 103, or 112.

54. A judicial declaration is necessary and appropriate to resolve the parties' controversy over the validity of the '993 Patent.

55. Plaintiffs are entitled to a declaratory judgment that the claims of the '993 Patent are invalid.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that the Court enter judgment in Plaintiffs' favor and against Defendants as follows:

A. Declaring that Plaintiffs have not infringed and do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '993 Patent;

B. Declaring that the claims of the '993 Patent are invalid under one or more provisions of the patent laws, including 35 U.S.C. §§ 102, 103, or 112;

C. Enjoining Defendants and their officers, agents, servants, employees, attorneys, representatives, brand protection agents, and all persons acting in concert with them from asserting the '993 Patent against Plaintiffs, Plaintiffs' accused products, or Plaintiffs' Amazon listings based on the allegations challenged in this action;

D. Ordering Defendants to withdraw or correct any marketplace takedown notice, complaint, enforcement request, or similar communication asserting that Plaintiffs' accused products or listings infringe the '993 Patent;

E. Awarding Plaintiffs their costs, expenses, and attorneys' fees as permitted by law, including under 35 U.S.C. § 285 if this case is found exceptional;

F. Awarding such further relief as the Court deems just and proper under 28 U.S.C. § 2202 or otherwise.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 11, 2026                    Respectfully submitted,

/s/ Tao Liu
Tao Liu
Attorney-in-Charge
New York State Bar No. 5741665
S.D. Tex. Bar No. 3800926
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York, NY 10010

Telephone: 212-937-9999
Email: tao.liu@glacier.law

Counsel for Plaintiffs Shenzhen
Chenghang Electronic Technology Co.,
Ltd. d/b/a EVERPLUS LLC and
Shenzhen Cuiwei Fenfang Trading
Co., Ltd. d/b/a FENFANG SHOP

**CERTIFICATE OF SERVICE**

The foregoing Complaint is an initiating pleading that will be served on Defendants together with the summons under Federal Rule of Civil Procedure 4. Because the Complaint is served under Rule 4, no service or certificate of service under Federal Rule of Civil Procedure 5(b) is required at this time.

/s/ Tao Liu
Tao Liu